Sawyer v. The City of Alton.

SETH T. SAWYER, plaintiff in error, v. THE CITY OF ALTON, defendant in error.

*Error to Madison.*

The interest of a member of a municipal corporation, and a tax payer, is too remote to exclude him from being a witness in favor of the corporation, in a suit to recover a tax or penalty imposed by the corporation.

A party cannot assign for error the admission of testimony to which he did not except.

Under the *Constitution of Illinois*, when property is to be taxed, the mode of levying the tax must be by valuation, and the tax must be uniform; but the legislature possesses the power to impose such other taxes as may be consonant to public justice, and the circumstances of the country may require.

A poll or capitation tax, without regard to property, is constitutional; and so is the act of the legislature requiring road service or labor from each male inhabitant between the ages of 21 and 50 years.

The *Constitution of Illinois* is not to be regarded as a grant of power, but rather as a restriction upon the powers of the legislature; and it is competent for the legislature to exercise all powers not forbidden by that instrument, nor delegated to the General Government, nor prohibited to the State, by the Constitution of the United States.

THIS cause was heard in the Madison Circuit Court, at the February term, 1840, before the Hon. Sidney Breese.

WM. MARTIN, for the plaintiff in error.

S. T. SAWYER, *pro se:*

The third error is as to the constitutionality of the law upon which the suit is brought, and one which is desired to be discussed and to have decided.

The plaintiff contends that the said tenth section of said act, Laws of 1837, 22, is in violation of the twentieth section of the eighth article of the Constitution of the State of Illinois, R. L. 46; Gale's Stat. 35; which section is, that the mode of levying a tax shall be by valuation, &c.

That this is a tax there can be no doubt, as appears by the context of the very act, as well as by the sixteenth section of the law of 1835, concerning public roads. Laws of 1835, 194; Gale's Stat. 598.

That this road labor is a tax there can be no doubt. It matters not how or in what shape the tax is levied, whether in money, in service, or in kind, it is the same to the payor. Say's Political Economy, B 3, chap. 8, p. 450 *et seq.*

The second error assigned is, that the Court permitted improper testimony, in admitting evidence of a written notice, when it was not produced, nor its absence accounted for. Norris' Peake's Ev. 140; 3 Yeates 271; 1 Dallas 424; 11 Johns. 260; 10 Mass. 327; 4 Yeates 340.

Sawyer *v.* The City of Alton.

The best evidence must be first produced, which the nature of the case is capable of. 1 Gilbert's Law Ev. 4 ; 1 Stark Ev.

The first error assigned is, that Miller, the witness, was incompetent, he being a resident tax payer in the city of Alton, and having a direct interest in the event of the suit.

At common law, no member of a corporation could be a witness in any case where he was to gain or lose by the suit. To remedy this evil, divers acts of Parliament were passed, for instance, the statute of Wilton, making hundreders competent witnesses for or against the hundred.

Also, where a part of the penalty of a statute was given to the poor or others of the parish or hundred, &c., as 2 Geo. 3, chap. 19, § 5 ; also 33 Geo. 2, &c., and other English and American statutes upon similar subjects.

Also, so considered by our own legislature, in ordaining that the supervisor of the district should be a competent witness for the prosecution. Acts of 1835, § 28, 128 ; Gale's Stat. 601.

A liability for costs will render a witness incompetent. Main *v.* Nenson, 1 Anthon's N. P. ; Peake's Ev. 231, note.

An inhabitant of a city is not a competent witness in support of a prosecution, where the penal benefit enures to the city. Supreme Court of Massachusetts, 1797, MS. ; Norris' Peake's Ev. 220, note ; Commonwealth *v.* Keigler, 2 Esp. N. P. 711—13.

W. S. LINCOLN, N. D. STRONG, and JUNIUS HALL, for the defendant in error.

TREAT, Justice, delivered the opinion of the Court : (1)

This was an action instituted before the mayor of the city of Alton, by the defendant in error, against the plaintiff in error, to recover the penalty of dollars, imposed by the tenth section of the "Act to Incorp the City of Alton," (2) approved the 21st of July, 1837, for failure to perform three days labor on the streets. Judgment was entered in favor of the defendant in error, for the amount claimed, on appeal prosecuted by the plaintiff in error to the Circuit where the cause was tried by the Court, and the judgment of the mayor affirmed.

The bill of exceptions, that on the trial in the Circuit Court, the defendant in error called as a witness, one Miller, a resident and tax payer of the city of Alton, for the purpose of proving that the plaintiff in error was notified to perform the labor on the streets, to whose competency as a witness, the plaintiff in error objected ; but the Court overruled the objection, and permitted the witness to test he plaintiff in error excepting.

The witness, in answer a question by the defendant in error, stated, that he had given notice to the plaintiff in error, and

(1) SMITH, Justice, was not present at the hearing of this cause.
(2) Acts of July, 1837, 17.

Sawyer v. The City of Alton.

upon being interrogated by the plaintiff in error, said the notice was in writing. No exception appears to have been taken to this testimony of the witness. It is now assigned for error,

*First.* The Court erred in permitting the witness, Miller, to testify ;

*Second.* In permitting the witness to speak of the written notice, without producing the original, or giving the plaintiff in error notice to produce it ;

*Third.* In rendering judgment for the defendant in error, because the tenth section of the act to incorporate the city of Alton, and under which the defendant in error claimed to recover, is in violation of the Constitution of this State.

The first assignment of error raises the question, whether an inhabitant of a municipal corporation, being a tax payer, is a competent witness in behalf of the corporation, when a party to a suit. In England he was not a competent witness, until made so by statute. That rule seems not to have prevailed in this country. In the case of Bloodgood v. The Overseers of Jamaica, (1) which was an action to recover a penalty, the Court says, " It is true that the penalty, if recovered, is to be applied for the support of the poor of the town in which the witness is liable to be taxed for that object, but such an interest is too remote and contingent to exclude the witness." In the case of the trustees of Watertown v. Cowen, (2) the chancellor remarks, " The remote and contingent interest of a corporator in a mere municipal corporation, is not sufficient to exclude him as a witness, in behalf of the corporation." The same rule seems to have been adopted in Connecticut, New Jersey, New Hampshire, and other States. The interest of the witness is so trifling that it cannot be supposed to give an undue bias to his testimony. There is often a necessity for his testimony, without which the corporation would be unable to establish its rights. We do not, therefore, hesitate to concur in the rule.

The second assignment of error cannot avail the plaintiff in error, for the record no where shows that he objected to the testimony.

Upon the third assignment of error, the tenth section of the act to incorporate the city of Alton provides, that the common council shall be required to keep all the roads and bridges within the city, in good order and repair, and for that purpose shall have the exclusive right to call on all male persons between the ages of twenty-one and fifty years, residents of the city, to perform three days labor on the roads and bridges annually, or to pay one dollar for each day such residents shall refuse to labor. The twentieth section of the eighth article of the State Constitution, is in these words : " That the mode of levying a tax shall be by valuation, so that every person shall pay a tax in proportion to the value of the property he or she has in his or her possession." The question presented by

(1) 12 Johns. 285.              (2) 4 Paige 513.

this assignment of error, depends upon the proper construction of this section of the Constitution. The plaintiff in error denies the power of the legislature to impose any tax, unless property is the basis, and the mode of levying it is by valuation. There can be no doubt that when property is to be taxed, the mode of levying the tax must be by valuation. But does the Constitution limit the power of the legislature, as to the objects of taxation, or only prescribe the mode, when the tax is to be imposed on a particular object. The Constitution of the State is not to be regarded as a grant of power, but rather as a restriction upon the powers of the legislature ; and it is competent for the legislature to exercise all powers not forbidden by the Constitution of the State, nor delegated to the General Government, nor prohibited to the State by the Constitution of the United States. The legislature, then, possesses the general power of taxation as to other objects, unless restricted by this section of the Constitution. We are of opinion, the framers of the Constitution intended to direct a uniform mode of taxation on property, and not to prohibit any other species of taxation, but to leave the legislature the power to impose such other taxes as would be consonant to public justice, and as the circumstances of the country might require. They probably intended to prevent the imposition of an arbitrary tax on property, according to kind or quantity, and without reference to value. The inequality of that mode of taxation was the object to be avoided. We cannot believe they intended that all the public burthens should be borne by those having property in possession, wholly exempting the rest of the community, who, by the same Constitution, were made secure in the exercise of the rights of suffrage, and all the immunities of the citizen. If the power claimed in this case, cannot be exercised, it is difficult to perceive how the power to require service on the juries, and in the militia, can be justified.

These kinds of service are public burthens, and as much of a tax as the performance of labor on the public roads. We do not conceive, that with this construction of the section of the Constitution in question, we do any violence to its language. This view of the case is strengthened and enforced from the fact, that the first legislature which met after the adoption of the Constitution, passed a law, (1) requiring every male inhabitant of the State, between the ages of eighteen and fifty years, to perform not exceeding five days labor annually on the public roads, and that, with some modifications, the same requisition has been continued till this time.

The judgment of the Court below is affirmed with costs.

*Judgment affirmed.*

(1) Laws of 1819, 334.